UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY MACK, | Civil Action No. 17-5010 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| ESSEX COUNTY, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

This matter comes before the Court on the second motion for summary judgment filed in this matter by Defendants O'Connor and Rizvi which seeks the dismissal of Plaintiff's remaining retaliation claims. (ECF No. 33). Plaintiff did not file opposition to the motion. The Court having reviewed the motion and the record of this matter, and for the reasons set forth below, Defendants' motion shall be granted, and judgment shall be entered in favor of Defendants as to Plaintiff's remaining claims.

**I. BACKGROUND**

As this Court summarized the factual background of this matter at length in the opinion granting Defendants' previous summary judgment motion, this Court need not repeat that summary here, and will instead only summarize those facts which are germane to Plaintiff's remaining First Amendment retaliation claims. (See ECF No. 31). In his complaint in this matter, Plaintiff alleged that Dr. Rizvi, following Plaintiff's repeated complaints regarding his medical care in March 2017 threatened to transfer Plaintiff to another housing unit if he continued to complain, which Plaintiff believed was retaliatory in nature. (ECF No. 1 at 10). Plaintiff further

1

stated that Defendant O'Connor, after being asked if Plaintiff's wheelchair would be fixed, threatened to have Plaintiff's wheelchair "confiscated as contraband" if Plaintiff didn't cease his complaints. (*Id.*). Plaintiff did allege, however, that O'Connor told him the wheelchair would be fixed. (*Id.*).

During his deposition, Plaintiff made scant reference of these alleged threats. Indeed, he did not mention the wheelchair confiscation claim at all, and said only the following regarding the alleged threats:

> . . . with Dr. O'Connor, [it] was just that if you complained too much, . . . [he would] nudge you [out the door] or wo[uldn't] see you or try to hear what you're trying to say.
>
> And like with Rizvi, I complained to him to the point I told him [he thought there] ain't nothing wrong with me or whatever the case may be because, look, I was complaining too much.
>
> I also put that in my certification to him. Because one time, he even threatened to send me to 2B1. If I keep complaining, he was going to move me.
>
> So, to that point, I knew I was going to put it in the Complaint, because it was like my medical necessities is more important that you sending me to another facility because I'm complaining about something that I feel I need.

(Document 21 attached to ECF No. 33 at 24). Despite these actions, Plaintiff testified that he didn't believe that either doctor intended to harm him, and that his issues with the doctors arose mostly out of his disagreements with the course of treatment Dr. Rizvi chose or with Dr. O'Connor's inability to force the federal government to replace Plaintiff's wheelchair. (*Id.* at 22-25). As to Dr. Rizvi's alleged threat, it is not clear what a move to 2B1 would have entailed other than that this would have meant Plaintiff's transfer to a different unit outside of the jail's infirmary. Plaintiff has provided no evidence to suggest that such a move would have prevented further treatment, or whether "2B1" was a non-medical unit.

2

## II. DISCUSSION

### A. Legal Standard

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing

the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, this Court is free to consider the moving party's statement of material facts undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *2-3 (D.N.J. Feb. 14, 2017). Even where the defendants' statement of material facts is deemed admitted and unopposed, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [Defendants are] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* At 2 (citing *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

**B. Analysis**

Defendants Rizvi and O'Connor argue that they are entitled to summary judgment as to Plaintiff's sole remaining First Amendment retaliation claims. To make out a claim for First Amendment retaliation, a Plaintiff must present facts which would permit a jury to find that the Plaintiff engaged in constitutionally protected conduct, that the defendant took retaliatory actions sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and a causal link between the constitutionally protected conduct and the retaliatory action. *See Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). This causal link can be established by showing that the "constitutionally protected conduct was a substantial or motivating factor" in the retaliatory action. *Conrad v. Penn.*

4

*State Pol.*, 902 F.3d 179, 184 (3d Cir. 2018). As to Doctor O'Connor, Plaintiff has not provided evidence which would permit a reasonable juror to find that the doctor engaged in any retaliatory action against him. Although Plaintiff alleged in his complaint that O'Connor threatened the confiscation of his wheelchair, Plaintiff has provided no competent evidence in support of this assertion – he did not testify to any such threat during his deposition, and has not otherwise provided any proof in support of the allegation. Plaintiff's claim against O'Connor thus fails as a matter of law, and Defendant O'Connor is entitled to summary judgment.

Plaintiff's claim against Dr. Rizvi is slightly more complicated. The only evidence Plaintiff has presented as to Rizvi's alleged threat to have Plaintiff moved was a short exchange, quoted above, during his deposition. According to Plaintiff, Dr. Rizvi, tired of Plaintiff's constant complaints about his medical treatment, threatened to have Plaintiff moved if he didn't stop complaining. Assuming, *arguendo*, that such complaints regarding medical treatment are constitutionally protected, Plaintiff's testimony could support a finding of a protected activity and that the doctor's retaliatory action, a threat to transfer him, was a motivating factor in the doctor's choice to make the threat. As such, Plaintiff's claim essentially rises and falls with the second prong of a retaliation claim – whether such a threat would have been sufficient to deter a person of ordinary firmness from making further complaints regarding his medical treatment. Plaintiff has presented no testimony or evidence, however, which would provide context to the transfer threat. Although Plaintiff identifies the area to which the doctor threatened to move him as unit 2B1, Plaintiff does not provide any evidence which would explain the nature or purpose of unit 2B1. Plaintiff's testimony suggests that it was outside of the infirmary proper, but has not explained whether this was another medical unit or a general population unit, nor has Plaintiff provided any evidence which would indicate whether Plaintiff's medical treatment or level of care

would have been altered or reduced as a result of such a transfer. Without context for how a unit transfer would have negatively affected Plaintiff, his medical care, or his standard of prison life, a reasonable juror could not find that a single threat of a transfer to another unit would be sufficient to deter a reasonable person from continuing to express his opinion as to the state of his medical treatment.[1] As Plaintiff has provided no evidence which could permit such a finding by a reasonable juror, there is no genuine issue of material fact as to that element of Plaintiff's First Amendment retaliation claim, and Defendant Rizvi is entitled to summary judgment on Plaintiff's retaliation claim. Defendants' motion is therefore granted.

**III. CONCLUSION**

For the reasons stated above, this Court GRANTS Defendants' second motion for summary judgment, (ECF No. 33), and will enter judgment in favor of Defendants Rizvi and O'Connor as to Plaintiff's remaining retaliation claims. An appropriate order follows.

Dated: January 21, 2020  　　　　　　　　　　　　　　　　　　　　　　  *s/ Susan D. Wigenton*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Susan D. Wigenton, U.S.D.J.

---

[1] This is especially true under the circumstances here – where the transfer threat was alleged to have come from a doctor employed by a contracting entity and not a member of the prison's staff who has the authority to make routine prison transfers.